IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KEVIN LORDEMANN, as personal representative of the Estate of Bernard Lordemann, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY SIBBITT, M.D., MONTANA INTERVENTIONAL & DIAGNOSTIC RADIOLOGY SPECIALISTS PLLC, and UNITED STATES OF AMERICA,<br><br>Defendants. | CV 24–59–H–DWM<br><br><br>ORDER |

On March 16, 2022, Bernard Lordemann died while a patient at the Veterans' Affairs Medical Center at Fort Harrison in Helena, Montana. (*See generally* Doc. 1.) After his death, Lordemann's son, Kevin Lordemann, ("Plaintiff") sued the radiologist involved in Lordemann's case, Randy Sibbitt; Sibbitt's employer, Montana Interventional and Diagnostic Radiology Specialists, PLLC; and the United States (collectively, "Defendants"), alleging that a mass in Lordemann's liver should have been discovered in a June 2021 CT scan interpreted

1

by Sibbitt. (*Id.*) In his prayer for relief, Plaintiff argues, in part, that Montana's cap on noneconomic damages, *see* Mont. Code Ann. § 25-9-411, is unconstitutional. (Doc. 1 at 14.) Plaintiff now requests the Court certify that question to the Montana Supreme Court under Rule 15 of the Montana Rules of Appellate Procedure. (Doc. 26.) Defendants oppose the motion, arguing, *inter alia*, that certification is premature as the matter has not been tried and no damages have been awarded. (*See* Docs. 28, 29.) Because the request is unripe, Plaintiff's motion to certify is denied without prejudice.

"As a general matter, the task of a federal court . . . [applying state law] is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 978 (9th Cir. 2021) (internal quotation marks and alteration omitted) (discussing in context of a diversity action). "If the state's highest appellate court has not decided the question presented, then [a court] must predict how the state's highest court would decide the question." *Id.* However, Montana law permits the Montana Supreme Court to "answer a question of law certified to it by a court of the United States" if "[t]he answer may be determinative of an issue pending litigation in the certifying court[,] and [t]here is no controlling appellate decision, constitutional provision, or statute of this State." Mont. R. App. P. 15(3). The certification

2

process should be invoked "only after careful consideration," however, and should not be done "lightly." *High Country*, 14 F.4th at 978. "Certification is by no means 'obligatory' merely because state law is unsettled; the choice instead rests 'in the sound discretion of the federal court.'" *McKesson v. Doe*, 592 U.S. 1, 5 (2020) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

Here, Plaintiff seeks a pre-trial determination of the constitutionality of § 25-9-411, which provides that "[i]n a malpractice claim or claims against one or more health care providers based on a single incident of malpractice, an award for past and future damages for noneconomic loss may not exceed $250,000." § 25-9-411(1)(a). However, "Defendants dispute liability, causation, and damages," and "[e]ven if the jury was to find against Defendants on the question of liability, there is no guarantee any non-economic damages award will exceed $250,000." (Doc. 29 at 11 (Sibbitt's brief).)

"For a case to be ripe, it must present issues that are definite and concrete, not hypothetical or abstract." *50 Exch. Terrace LLC v. Mt. Vernon Spec. Ins. Co.*, ___ F.4th ___, 2025 WL 666363, at *2 (9th Cir. Mar. 3, 2025) (internal quotation marks omitted). "Ripeness coincides squarely with standing's injury in fact prong." *Id.* (internal quotation marks and alteration omitted); *accord Reichert v. St. ex rel. McCulloch*, 278 P.3d 455, 471–72 (Mont. 2012) (discussing ripeness in the context of state law). Because damages have not been awarded in excess of the

3

statutory cap, Plaintiff's request is not yet ripe. *See Tackett v. U.S. Dep't of Health & Human Servs.*, 2022 WL 952074, *6 (D. Mont. March 30, 2022) (finding that the plaintiffs lacked standing to challenge Mont. Code Ann. § 25-9-411 as they "have not yet been awarded damages that would be subject to Montana's statutory cap."); *Osborne v. Billings Clinic*, 2015 WL 13466113, *1 (D. Mont. Dec. 16, 2015) (finding the plaintiff lacked standing to challenge the cap because "the first step in the damages process has not yet occurred . . . [as] the parties have not yet gone to trial"); *cf. Russo-Wood v. Yellowstone Cnty.*, 2019 WL 1102680, at *13 (D. Mont. Mar. 7, 2019) (finding challenge to statutory cap in Mont. Code Ann. § 2-9-108 not ripe prior to the award of damages).

Plaintiff's arguments to the contrary do not make this issue any less premature. Plaintiff first argues that this important constitutional question has never been addressed following trial because once an award exceeds the cap, medical providers enter into confidential settlements to avoid litigating the cap further. While that may be true, this recurrent outcome does not make the award or nonaward of damages in this case any more or less certain. Second, Plaintiff argues that the Montana Legislature is in the process of attempting to create a "government claims court" that would have exclusive jurisdiction over constitutional challenges to Montana statutes. (*See* Doc. 30 at 3–4.) Once again, while this may come to pass, it does not make damages in this case more or less

4

speculative. Third, while Plaintiff argues that the cap presents a problem for voir dire, it is unclear whether a jury will be seated given the claims against the government. *See* 28 U.S.C. § 2402. And, even if a jury is seated, the constitutionality of the cap under § 25-9-411, a purely legal question, would not be presented to that jury. Thus, there is no reason this matter must be adjudicated prior to trial.

Finally, Plaintiff seems to presume that because he presents a facial challenge, he avoids the ripeness issue. Not so. Courts may only consider the constitutionality of legislative acts "when the interests of litigants require the use of this judicial authority for their protection against *actual* interference." *United Pub. Workers of Am. v. Mitchell*, 330 U.S. 75, 89–90 (1947) (emphasis added). "A dispute is ripe in the constitutional sense if it presents concrete legal issues, . . . in actual cases, not abstractions." *City & Cnty. of S.F. v. Garland*, 42 F.4th 1078, 1086 (9th Cir. 2022) (internal quotation marks omitted). The mere "possibility of some unconstitutional application" of § 25-9-411 does not entitle Plaintiff "to dispositive judgments on the provision's constitutionality." *Id.* at 1086–87; *see Reichert*, 278 P.3d at 472 ("The basic purpose of the ripeness requirement is to prevent the courts trough avoidance of premature adjudication, from entangling themselves in abstract disagreements.").

5

Accordingly, Plaintiff's request to certify the constitutionality of § 25-9-411 to the Montana Supreme Court is denied. Nevertheless, the Court makes no finding on the merits of whether certification would be appropriate if the issue were ripe for decision.

Based on the foregoing, IT IS ORDERED that Plaintiff's motion (Doc. 26) is DENIED without prejudice.

DATED this 18th day of March, 2025.

_____
Donald W. Molloy, District Judge
United States District Court